IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MEGAN C. GENTRY                                                                                    PLAINTIFF
*On behalf of G.H.* A MINOR

vs.                                          Civil No. 4:17-cv-04066

NANCY A. BERRYHILL                                                                              DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Megan C. Gentry ("Plaintiff") brings this action on behalf of G.H., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") terminating G.H.'s award of Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

In the initial disability determination dated July 26, 2010, G.H. was found to be disabled as of February 1, 2010. (Tr. 12). On May 19, 2014, it was determined G.H. was no longer disabled as of May 1, 2014. *Id.* This determination was upheld on reconsideration. *Id.* Thereafter, Plaintiff requested a video hearing before an ALJ. *Id.* On February 26, 2016, the ALJ held a video hearing.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

*Id.* Plaintiff and G.H. testified at this hearing. *Id.* Plaintiff was not represented by counsel at this hearing. *Id.*

On September 23, 2016, the ALJ entered a fully unfavorable decision denying Plaintiff's request for continued SSI benefits on behalf of G.H. (Tr. 9-26). In this decision, the ALJ determined the most recent favorable medical finding that G.H. was disabled was the decision dated July 26, 2010. (Tr. 15, Finding 1). This is known as the "comparison point decision" or CPD. *Id.* At the time of the CPD, G.H. had the following medically determinable impairments: mood disorder and posttraumatic stress disorder (PTSD). (Tr. 15-16, Finding 2). The ALJ noted these impairments were found to be functionally equal the listings (20 CFR 416.924(d) and 416.926(a)). (Tr. 15-16, Finding 2).

The ALJ found medical improvement occurred as of May 1, 2014. (Tr. 16, Finding 3). The ALJ determined G.H. was born on January 25, 2000 and was an adolescent as of May 1, 2014 and was currently an adolescent. (Tr. 16, Finding 4). The ALJ also determined that since May 1, 2014, the impairments G.H. had at the time of the CPD were not functionally equivalent to the Listings. (Tr. 16-25, Finding 5). The ALJ also determined the medical and other evidence established G.H. did not have an impairment at the CPD that was not considered at that time and has not developed any additional impairments subsequent to the CPD. (Tr. 25, Finding 6).

The ALJ determined that since May 1, 2014, G.H. did not have an impairment that met, medically equaled, or was functionally equivalent to the requirements of any of the Listing of Impairments. (Tr. 25-26, Findings 7-8). Based upon these findings, the ALJ determined G.H.'s disability ended as of May 1, 2014, and G.H. had not become disabled again since that date. (Tr. 26, Finding 9).

2

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. On July 20, 2017, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 14, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 14, 2017. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 13-14. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood

3

disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff was filed after that date, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

4

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less th an extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.** **Discussion:**

In Plaintiff's appeal brief, she claims the ALJ erred in finding G.H.'s impairments did not meet or were not functionally equivalent to a Listing. ECF No. 13 at 1-20. Specifically, Plaintiff claims the ALJ improperly determined G.H.'s impairments improved on May 1, 2014. *Id.* Instead of improving, Plaintiff claims G.H.'s condition has "deteriorated significantly," he is "still engaged in self-mutilation," he "is quitting the football team," he "continues to be expelled from school," and he has been "referred to treatment, including Riverview Behavioral Health." *Id.*

5

In making her claim that G.H.'s impairments are functionally equivalent to a Listing, Plaintiff addresses three of the six domains of functioning. Plaintiff claims G.H. has a "marked" limitation in (1) attending and completing tasks and an "extreme" limitation in (2) interacting and relating with others and in (3) health and physical well-being. ECF No. 13 at 1-20. The Court will address each of these domains separately.

First, Plaintiff claims G.H. has a "marked" limitation in attending and completing tasks. ECF No. 13 at 12-14. In his decision, the ALJ found G.H. had a less than marked limitation in this domain of functioning. (Tr. 22). The ALJ based this determination upon the following:

> During counseling, the claimant reported that he had impaired concentration, as he replayed thoughts of his trauma repeatedly in his head. He sporadically displayed impulsive behavior and presented as anxious on many occasions with fidgety behavior noted. However, the claimant's teacher reported that he actively engaged in classroom discussions. His mother stated that he did not complete what he started, but his teacher noted no problems in this domain. As the claimant's PTSD causes some concentration lapses, he has exhibited less than marked limitations in this domain.

(Tr. 22). Based upon this review and considering Plaintiff's briefing in this matter, the Court finds no basis for reversal on this issue.

Second, Plaintiff claims G.H. has an "extreme" limitation in interacting and relating with others. ECF No. 13 at 14-16. In his decision, the ALJ found G.H. had a less than marked limitation in this domain of functioning. (Tr. 23). The ALJ based this determination upon the following:

> At the hearing, his mother testified that he stays in his room all the time. The claimant testified that he does not have a best friend and does not like to deal with people. Treatment records show the claimant has a combative relationship with his mother and siblings at times. On rare occasion, he fights with classmates. However, treatment records indicate that teachers praise him, and he does have friends in the school setting. He typically gets along with classmates and has girlfriends. Claimant testified that he is a defensive end on the school's football team, and the team recently won the state championship. He seems very proud of his accomplishments as a football player and reports no conflicts with his coaches or teammates. While

6

the claimant can be isolative and withdrawn at times, it is clear that he can work in group settings, get along with others, and present in a cooperative and pleasant manner. Therefore, he has exhibited less than marked limitations in this domain.

(Tr. 23). Based upon this review and considering Plaintiff's briefing in this matter, the Court finds no basis for reversal on this issue.

Third, Plaintiff claims G.H. has an "extreme" limitation in health and physical well-being. ECF No. 13 at 16-19. In his decision, the ALJ found G.H. had no limitation in this domain of functioning. (Tr. 25). The Court has reviewed Plaintiff's argument on this issue. ECF No. 13 at 16-19. Based upon this review, the Court finds Plaintiff has presented no evidence demonstrating G.H.'s limitations qualify as "extreme." As such, the Court finds no basis for reversal on this issue. Notably, at best, G.H.'s records demonstrate a "marked" limitation in this domain of functioning, which is still not sufficient to demonstrate G.H.'s impairments are functionally equivalent to the Listings.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of G.H., is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of June 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE